## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SONAL JANI,** | |
| **Plaintiff,** | Civ. No. 13-6057 (WJM) |
| **v.** | |
| **THE PROVIDENT BANK, MARY GOBRIAL and ABC COMPANIES (1-10) (fictitious names of unknown entities),** | **OPINION & ORDER** |
| **Defendants.** | |

This matter comes before the Court on Defendant Provident Bank's ("Provident") appeal of Magistrate Judge Mark Falk's order granting Plaintiff Sonal Jani ("Jani") leave to file an amended complaint.[1]  For the reasons set forth below, the Court **DENIES** the appeal.

## I.    RELEVANT FACTS AND PROCEDURAL HISTORY

In September 2013, Jani filed a complaint alleging violation of the Family and Medical Leave Act ("FMLA") and the New Jersey Law Against Discrimination ("NJLAD") in her termination by Provident.  (Docket No. 1.)  The matter was originally filed in New Jersey state court and removed to this Court in October 2013.  (*See id.*)  Judge Falk had originally set a deadline for motions to amend pleadings for March 31, 2014.  (Docket No. 7.)  Provident produced some documents (including Defendant Mary Gobrial's notes and memos) on March 4, 2014, twenty-seven days before the deadline to amend.  On or about November 25, 2014, after some contentious discovery issues between the parties, Provident released a number of email communications between Jani's immediate supervisor and Gobrial that detailed communications regarding Jani's leave.  (*See* Pl.'s Br. Opp'n Def. Appeal Order Granting Pl.'s Mot. To Amend Compl. ("Pl.'s Br."), ECF No. 78, 4.)  After the production of these emails and during a deposition that took place on January 29, 2015, Gobrial admitted that a symbol used by her in one of these emails was intended as a derogatory term towards Jani, regarding her

---

[1] Defendant Mary Gobrial joins in Provident's instant motion.  (Docket No. 81.)

1

ethnicity/nationality (calling her a "dot head").  (*See* Certification of Christopher J. Eibeler, ECF No. 52-2, Ex. 23 50:24-25-51:1-24.)  Plaintiff subsequently filed an application for leave to amend her complaint on June 19, 2015, which Provident opposed.  (Docket Nos. 52; 54.)  On August 20, 2015, Judge Falk granted the motion to amend and Provident subsequently filed the instant appeal of Judge Falk's order.

## II.   DISCUSSION

A district court reviewing a magistrate judge's order is faced with two separate standards of review:  (1) "clearly erroneous or contrary to law" for nondispositive matters and (2) "*de novo*" review for dispositive matters.  *See* 28 U.S.C. § 636(b)(1)(A); 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(a); L. Civ. R. 72.1(c)(1)(A).  A motion to amend a complaint is nondispositive.  *See, e.g., Oliver v. Dow*, No. CIV. 10-1542 DMC JAD, 2011 WL 3703699, at *1 (D.N.J. Aug. 23, 2011).  A finding is considered "clearly erroneous" when, "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).  A decision is considered contrary to law if the magistrate judge has "misinterpreted or misapplied applicable law."  *Doe v. Hartford Life Acc. Ins. Co.*, 237 F.R.D. 545, 548 (D.N.J. 2006).

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave" to amend a pleading "when justice so requires."  The Third Circuit has stated that motions to amend pleadings should be liberally granted, *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004), and it is settled law that the decision to grant a motion to amend rests in the sound discretion of the court, *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330 (1971).  However, where a motion to amend is made after a scheduling order deadline has passed, a movant is also required to demonstrate "good cause" under Rule 16(b)(4).  *See Dimensional Commc'ns, Inc. v. OZ Optics, Ltd.*, 148 F. App'x 82, 85 (3d Cir. 2005).  The moving party may show good cause by establishing "that the scheduling order deadlines could not be reasonably met despite the party's diligence."  *Harbor Laundry Sales, Inc. v. Mayflower Textile Servs. Co.*, No. 09–6259, 2011 WL 6303258, at *5 (D.N.J. Dec. 16, 2011).  "What will constitute good cause to warrant modification necessarily varies with the circumstances of each case.  The Court therefore has great discretion in determining what kind of showing the moving party must make in order to satisfy the good cause requirement of Rule

16(b)."  *Roggio v. FBI*, No. 08–4991, 2011 WL 3625042, at \*5 (D.N.J. Aug. 17, 2011) (quotations omitted).  "Only if the court finds good cause to modify the scheduling order will the court proceed to assess the proposed amended complaint under Rule 15."  *Bornstein v. Cty. of Monmouth*, No. CIV. 11-5336, 2015 WL 2125701, at \*3 (D.N.J. May 6, 2015).

Judge Falk correctly applied the good cause requirement under Rule 16 as well as the liberal standard governing motions to amend under Rule 15.  Provident hinges its argument by pointing to alleged instances where Jani suspected prior to the March 2014 deadline that she was being discriminated against based on race, national origin, and religion.  (*See* Def.'s Br. Supp. Appeal, ECF No. 73-1, 5-6.)  "The most common basis for finding a lack of good cause is the party's knowledge of the potential claim before the deadline to amend has passed."  *Merrell v. Weeks Marine, Inc.*, No. 2:12-CV-00908 DMCJAD, 2013 WL 3949210, at \*4 (D.N.J. July 31, 2013).  The Third Circuit and this Court have typically noted that such knowledge depends on the possession of documents or information—not mere supposition.  *See, e.g., Assadourian v. Harb*, 430 F. App'x 79, 81 (3d Cir. 2011) (affirming district court's finding that plaintiff had not acted diligently when he possessed in advance documents that were the basis of his amended complaint); *Stallings ex rel. Estate of Stallings v. IBM Corp.*, No. CIV. 08-3121(RBK/JS), 2009 WL 2905471, at \*16 (D.N.J. Sept. 8, 2009) (noting that plaintiff had "all of the relevant documents . . . before the amendment deadline had run").  Consequently, Provident cites no on-point support for its assertion that a party's mere suspicion is sufficient to compel them to put forth a claim.

Jani's receipt—days before the scheduling deadline—of Gobrial's handwritten notes produced by Provident, which led her to believe "Gobrial had discriminated against her" as well as bolstered her suspicion that "it was a possibility that she received a bad review . . . based upon her Indian ethnicity," (Certification of Arthur L. Raynes ("Raynes Cert.") Ex. E, ECF No. 7, 18.), does not establish that Jani was aware "of all the facts underlying the proposed amended complaint before the deadline to amend had passed," *Kuchinsky v. Pressler & Pressler, LLP*, No. 12-CV-01903 CCC, 2014 WL 1679760, at \*1 (D.N.J. Apr. 28, 2014).  In fact, the "five categories of evidence" that Provident points to only indicate that Jani had mere suspicions and belief regarding a national origin, race, and religion claim, and that it was Gobrial's emails and her subsequent deposition that provided the proof positive necessary for Jani to put forth a viable claim.  *Cf.*

3

*Watson v. Sunrise Senior Living Servs., Inc.*, No. CIV.A. 10-230 KM, 2015 WL 1268190, at *9 (D.N.J. Mar. 18, 2015) (denying motion to amend where plaintiff did not "allege recent production or disclosure of previously undisclosed evidence, nor [argue] that [p]laintiff now has the benefit of information that he did not previously possess.")

 "Rule 16(b)(5) does not require a party to exercise an advanced or superior level of diligence, but rather requires only reasonable diligence." *Grasso v. Consol. Rail Corp.*, No. CIV.A. 12-398 KM, 2013 WL 3167761, at *6 (D.N.J. June 20, 2013).  Though Courts sometimes focus on tardy discovery requests to find a failure to be diligent, Jani's discovery requests for these emails were served well before the deadline to amend.  *Cf. Stolinski v. Pennypacker*, No. CIV. 07-3174 JBS, 2011 WL 3608685, at *2 (D.N.J. Aug. 15, 2011) (finding prejudice where "[p]laintiff did not serve his discovery requests upon [d]efendants in this case until . . . five months after the deadline for amending the complaint.")  Moreover, as Judge Falk noted during the hearing, "[t]he scheduling order has been amended three times" and "[t]here have been extensive discovery disputes that [have] dragged on for months."  (Raynes Cert. Ex. A, ECF No. 73-3, 7:3-8:15.)  The operative emails supporting Jani's additional claims were not produced by Provident until eight months after the deadline to amend.  *Cf. Stolinski*, 2011 WL 3608685, at *2 (affirming denial of motion to amend where document upon which the claim rested were submitted over a year before the motion to amend was filed.)  As well, Jani needed Gobrial's deposition to explain the significance of the symbol she used in her emails to make the racially charged comment, and this deposition did not occur until almost a year after the deadline to amend had passed.  *See Grasso*, 2013 WL 3167761, at *6 (granting leave to amend where plaintiff did not know of the connection between the incident and the effect on his injuries until such correlation was established through a deposition.)  Finding that Jani undertook a reasonable level of diligence in attempting to meet the scheduling deadline, it was within Judge Falk's sound discretion to find that Jani had made a sufficient showing of good cause for violating the scheduling order.

 Finding good cause, Judge Falk correctly applied the liberal motion to amend standard and found that granting leave to amend would not cause undue delay, was not unduly prejudicial, was not futile, and would not duplicate any dismissed claims.  *See, e.g., Kronfeld v. First Jersey Nat'l Bank*, 638 F.Supp. 1454, 1460 (D.N.J. June 20, 1986) (granting motion to amend upon discovery of new

evidence where it did "not appear that the amendment would cause undue delay or that plaintiffs [had] a dilatory motive"). The Court is unpersuaded by Provident's arguments in opposition and, while further discovery will be necessary, the Court does not find that such discovery will be so significant or substantial as to prejudice Provident. Additionally, courts have generally not found unfair prejudice when a party moves to amend while discovery is still open. *See, e.g., Luppino v. Mercedes-Benz USA, LLC*, No. 09-CV-5582 JLL-JAD, 2014 WL 4474004, at \*4 (D.N.J. Sept. 4, 2014); *Transweb v. 3M Innovative Properties Co., et al.*, No. 10–4413(FSH), 2011 WL 2181189, at \*9 (D.N.J. June 1, 2011). Accordingly, this Court finds that neither Judge Falk's Rule 16 or Rule 15 analysis was clearly erroneous or contrary to law and is, thus, affirmed.

Thus, for the above reasons and for good cause shown;

**IT IS** on this 3rd day of March 2016, hereby,

**ORDERED** that Defendant Provident Bank's appeal is **DENIED**; and it is further

**ORDERED** that Judge Falk's August 20, 2015 Order is **AFFIRMED**.


/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

5